DOLORES JONES, Plaintiff-Appellant, *v.* L. D. DENHAM *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-1817

Opinion filed August 4, 1980.

Stanley H. Jakala, of Berwyn, for appellant.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Dolores Jones (plaintiff) appeals from an order dismissing her amended complaint against L. D. Denham and 10 other members of the

Board of Directors of Reynolds McCook Employees Credit Union (defendants).

The amended complaint alleges plaintiff commenced employment as a clerk for Reynolds McCook Employees Credit Union (Credit Union) in 1959. In 1973, plaintiff was promoted to credit union manager and loan officer for the Credit Union. On March 18, 1976, defendants, acting as the Board of Directors of the Credit Union, terminated plaintiff's employment without a hearing. Plaintiff alleged her dismissal without a hearing violated the Illinois Credit Union Act (Ill. Rev. Stat. 1977, ch. 32, par. 496.1 *et seq.*), and the dismissal resulted in her early retirement at age 60. This caused plaintiff to lose five years of salary at $14,000 per year and a monthly pension of $560 per month or a total lump sum pension settlement of $64,000. Plaintiff prayed for a judgment of $100,000 against defendants.

Defendants filed a motion to dismiss the amended complaint. The motion averred the amended complaint is barred by laches; under the Illinois Credit Union Act plaintiff was not entitled to a predischarge hearing because she was not a member, officer or committee member of the Credit Union; and it was improper joinder to sue the members of the board of directors individually instead of the Credit Union as an entity.

After argument, the trial court ordered the amended complaint stricken and gave plaintiff leave to file a second amended complaint within 28 days. The order of the court further stated:

> "Should a second amended complaint not be filed within 28 days, then this suit will be dismissed and this order will be self executing in that respect."

Plaintiff did not file a second amended complaint but instead filed a timely notice of appeal from the order.

In this court, plaintiff contends that when she was promoted to credit union manager and loan officer, she became a committee member of the Credit Union and thus was entitled to a predischarge hearing, laches does not bar the amended complaint, and suing all the members of the board of directors of the Credit Union sufficiently satisfied the requirement of joinder of necessary parties.

Under the view we take of this case, the issue of whether plaintiff was legally entitled to a predischarge hearing is dispositive. We need not decide the other contentions raised by the parties.

We first note the version of the Illinois Credit Union Act which is determinative in this case was repealed and replaced by a new act, effective January 1, 1980. Ill. Rev. Stat. 1979, ch. 32, par. 1301 *et seq.*

The parties agree the former act describes the only individuals who are entitled to a predischarge hearing as of right. The pertinent section provides, in part (Ill. Rev. Stat. 1977, ch. 32, par. 496.13):

"It [the Board of Directors] has power to:

∗ ∗ ∗

> (11) Remove or suspend for cause any member, any officer or committee member by a 2/3rds vote of the board of directors at any regular or special meeting called to consider such matters, but only after that person has been given an opportunity to be heard."

Plaintiff concedes she was not a member or officer of the Credit Union. She contends her promotion to credit union manager and loan officer changed her status from an employee of the Credit Union, having no legal right to a predischarge hearing, to that of a member of the credit committee, with a statutory right to such a hearing. Plaintiff bases her contention on this wording of the statute (Ill. Rev. Stat. 1977, ch. 32, par. 496.15):

> "The credit committee is responsible for general supervision of all loans to members subject to the by-laws and resolutions of the board of directors consistent with this Act. It must:
> (1) Hold meetings at least once in each month;
> (2) Act on all applications for loans; and
> (3) Approve in writing by a majority vote of all members acting thereon, all personal loans granted and the security, if any, pledged therefore.

∗ ∗ ∗

> If a credit union has total assets of more than $50,000, the board of directors may authorize the credit committee, with approval of the Director, to appoint a credit manager and assistant credit managers. The credit manager, under the supervision of the committee, may be delegated authority by the credit committee, to act on all or some applications for loans and to approve them, notwithstanding subparagraphs (2) and (3) in this Section, reporting thereon to the credit committee within 15 days."

Plaintiff argues "she achieved the status of a credit union committee member as she had assumed the functions of credit union committee members in connection with approval of disapproval of loans." We disagree.

This section specifically states the "credit manager, under the supervision of the committee, may be delegated authority by the credit committee ∗ ∗ ∗." Webster's Seventh New Collegiate Dictionary 218 (1967), defines the verb "to delegate" as "to entrust to another." We cannot infer from the language of the statute or the use of this specific word that a credit union manager achieved the status of a credit committee member simply because of delegation to her of some of the functions of the credit committee.

■■ ■ Furthermore, the statute also provides that the credit committee shall be elected by the directors of the Credit Union "from their own number." (Ill. Rev. Stat. 1977, ch. 32, par. 496.14.) In this regard, we are obliged to give this statutory language "its plain and ordinary meaning so that the legislature's intendment may be ascertained and given effect." (*Totten v. State Board of Elections* (1980), 79 Ill. 2d 288, 291, 403 N.E.2d 225.) We judge this language constitutes an express condition that a credit committee member must also be a director of the Credit Union. Plaintiff clearly does not meet this condition.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.